UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES and CLAUDIA COLLITON,

                Plaintiffs,

    -against-

HANNAFORD,

                Defendant.

25-CV-5728 (JGLC)

**ORDER OF SERVICE**

---

JESSICA G. L. CLARKE, United States District Judge:

Plaintiffs James and Claudia Colliton, of Wappingers Falls, New York, bring this action *pro se*, asserting claims for damages against "Hannaford," which the Court understands to be Hannaford Bros. Co., LLC. The Court construes Plaintiffs' complaint as asserting claims under 42 U.S.C. §§ 1981, 1985, and 1986, as well as claims under the New York State Human Rights Law.

By order dated July 24, 2025, the court granted Plaintiffs' request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service on Defendant.

## DISCUSSION

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d)

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve Defendant until 90 days after the date that a summons for Defendant issues.

("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiffs to effect service on Defendant through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons for Defendant and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on Defendant.

If a summons and the complaint are not served on Defendant within 90 days after the date that a summons for Defendant is issued, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiffs must notify the Court in writing if their address changes, and the Court may dismiss this action if they fail to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiffs. The Court also directs the Clerk of Court to: (1) issue a summons for Defendant "Hannaford," which the Court understands to be Hannaford Bros. Co., LLC.; (2) complete a USM-285 form for Defendant; and (3) deliver all documents necessary to effect service of a summons and the complaint on Defendant to the USMS.

Dated:  September 3, 2025
        New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

2

**SERVICE ADDRESS FOR DEFENDANT**

Hannaford
Hannaford Bros. Co., LLC.
145 Pleasant Hill Road
Scarborough, Maine 04074